## JEAN COLLINS v. STATE.

No. A-8632. Feb. 16, 1934.
Rehearing Denied March 2, 1934.
(34 Pac. [2d] 284.)

Perry & Bristow, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as the defendant, was convicted of murder and sentenced to serve a life term at hard labor in the penitentiary. Motion for new trial was filed, considered, overruled, exceptions saved, and the defendant appeals.

The defendant was charged with killing Bert Allen by beating him to death. The defendant and deceased were not married but had been living together in a room at 417 West Reno avenue, Oklahoma City, Okla., and on the afternoon of February 13, 1933, a disturbance was heard in their room, and parties looking in at a window saw the deceased lying on the floor on his face, and saw the defendant with what is described by the witnesses as the back of a chair, or some part of a broken chair, swinging it. The deceased died from the effect of the wounds inflicted upon him by the defendant.

It is not disputed that the deceased died from the wounds inflicted upon him by the defendant. The only question is, Was the defendant at the time she struck the blows that produced death intoxicated to such an extent she did not know what she was doing, and was she incapable of forming a premeditated design to kill? The defendant insists she was so intoxicated she did not know anything after she had taken two or more drinks a short while before the trouble from a bottle claimed to contain bay rum; that she did not recollect anything that occurred in the room where she and the deceased were; that when she came to herself the next morning she was in the city jail; and the defendant urges that by reason of her intoxication she could not be guilty of murder, and could not be guilty of a higher crime than manslaughter in the first degree.

In Beshirs v. State, 14 Okla. Cr. 578, 174 Pac. 577, this court in the second and third paragraphs of the syllabus held:

"2. In a prosecution for murder, evidence of intoxication is admissible to show an absence of the premeditated design to kill, for the purpose of determining whether the offense was murder or manslaughter, and a state of in-

toxication which will reduce the degree of homicide from murder to manslaughter in the first degree must be of such character and extent as to render the defendant incapable of entertaining or forming a design to effect death, and the question is for the jury to determine.

"3. A person who commits a homicide while so drunk as to be incapable of forming a premeditated design to kill, if he had formed no purpose to commit the crime prior to the time he became so intoxicated, is not guilty of murder, but is guilty of manslaughter in the first degree."

After a careful examination of the evidence and instructions of the court, we find that the court instructed on both murder and manslaughter, and also on the necessity of the defendant entertaining a premeditated design to kill before she could be convicted of the crime of murder.

The evidence is in direct conflict on the question of intoxication. The jury heard the evidence, and under the instructions of the court by its verdict decided the question of the defendant's intoxication to such an extent as to be incapable of forming a premeditated design against her, and by its verdict found the defendant guilty of murder.

The instructions of the court correctly stated the law as applied to the facts in this case. The defendant was accorded a fair and impartial trial. There are no errors in the record warranting a reversal. The judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.